PER CURIAM.
Pursuant to Florida Bar Foundation Charter, article X, section 10.4, The Florida Bar Foundation, Inc., petitions this Court for approval of its proposed amendments to the Foundation’s charter. This petition was filed with the approval and at the direction of the board of directors of The Florida Bar Foundation, Inc., and with the approval of the Board of Governors of The Florida Bar. These proposed amendments were officially published in the March 1, 1984, issue of The Florida Bar News. Having considered the petition, the proposed amendment, and the objection filed, we hereby approve the following amendments to the charter of The Florida Bar Foundation, Inc.:
ARTICLE I NAME
The name of this corporation shall be: The Florida Bar Foundation, Inc. For convenience it is herein called the corporation or the Foundation. The principal office and place of business shall be at a location in Tallahasseey Florida until otherwise established and ordered by the board of directors. The business of this corporation shall be carried on at its principal office in Tallahassee, Florida, and at such other places as may from time to time be authorized by the board of directors.
ARTICLE II PURPOSES AND POWERS
2.1 Purposes. The Foundation shall be operated exclusively for charitable, scientific, literary and/or educational purposes as described in Section 501(c)(3) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax law (“Code”) including but not limited to the following particular purposes:
(a) The improvement of the administration of justice and the elevation of judicial standards.
*832 (b) The promotion of the study of law and research in the law, the diffusion of legal knowledge and the continuing legal education of lawyers.
(c) The publication and the distribution of works on legal subjects.
(d) The improvement of relations between members of the Bar, the judiciary and the public.
(e) The fostering of suitable standards of legal education and of admission to the Bar, and the furnishing of funds for making grants and loans to qualified and worthy persons for the study of law.
(f) The aiding of members of The Florida Bar who shall be in great need of assistance because of illness, misfortune or advanced age.
(g) The promotion of the preservation of the American constitutional form of government; provided, however, that no part of the assets or net earnings of the Foundation (including such assets or net earnings as may be derived from the Trust Savings Account Program described in Article 2.Z2 below) shall inure to the benefit of any private shareholder or individual; and further provided that the Foundation shall not carry on propaganda, or otherwise attempt, to influence legislation, and shall not participate in or intervene in (including the publication or distribution of statements), any political campaign on behalf of any candidate for public office.
(h) In furtherance of the foregoing charitable, scientific, literary and/or educational purposes, the assets and earnings of the Foundation (including, but not limited to those assets or earnings derived from the Trust Savings Account Program) may be used for any one or more of the following charitable activities undertaken for exclusively public purposes:
(1) To provide legal aid to the poor;
(2) To provide law student loans and scholarships;
(3) To improve the administration of justice; and
(4) For such other programs for the benefit of the public as are specifically approved from time to time by the Supreme Court of Florida for exclusively public purposes.
Except as more specifically hereinabove set forth, such activities may be undertaken directly by the Foundation, or by the provision of funds by the Foundation to The Florida Bar, or Florida Legal Services, Inc., or other organizations, to be used exclusively for such purposes.
⅛2 — Restrictions.—In such fiscal — years (if any) as the corporation shall be a “private foundation” as described ⅛- Section 509(a)-Qf-the Code and/or — subjeet-to the taxes imposed by Sections-4940 et-seq. of the Gode:-
(a)-The corporation shall distribute its income for each taxable year at suc-h-time and in sueh-manner as not to become subject -to — the- tax on undistributed — income imposed-by Section 4942 of the-Code, or corresponding provisions — of any subsequent federal tax laws.
(b) The corporation shall not engage in any act of self-dealing as defined in Section 4941(d) of-the Code- or corresponding-provisions of any subsequent federal tax- law.
(c) — T-he -corporation-sha-ll not retain any excess-business holdings as defined in Section 4943(e) of the Code, or corresponding provisions-of any subsequent federal tax
(d)-The corporation -shall not make any investments in such-manner as to subject it to tax under Section-4944 of the Code, or corresponding provisions — of any subsequent-federal tax laws.
(e) The corporation shall-not make -any taxable expenditures as defined in-Section 4945(d) of the Code,-or corresponding-provisions of any subsequent federal tax-laws.
2.32 Contributions Gifts. The Foundation may receive, by contribution, gift, bequest, devise, or in any other manner, money, assistance, and any other form of contribution whether of real, personal, or mixed property, from any person, firm or corporation to be used in the furtherance of the purposes of the Foundation; provided, however, that gifts shall be subject to ac *833 ceptance by the board of directors as required by the bylaws. The Foundation may also receive all funds generated by the Trust Account Savings Program implemented by Order of the Supreme Court of Florida (In re: “Matter of Interest on Trust Accounts, et seq.”) as such Order may be amended from time to time.
2.43 Offices and Employees. The Foundation may establish one or more offices and employ such agents, employees and clerical force as may be deemed necessary or proper to conduct and carry on the work of the Foundation, and it may pay a reasonable compensation for the services of such persons.
2.54 Powers: General. The Foundation may contract and be contracted with, sue and be sued, invest and reinvest the funds of the Foundation, and do all acts and things requisite, necessary, proper, or desirable to carry out and further the purposes for which the Foundation is formed.
2.65 Powers: Trust Account Savings Program. With respect to the activities of, and assets and earnings derived from, the Trust Account Savings Program, the Foundation may:
(a) Authorize capital expenditures, accumulations, or reserves, only as may be necessary to meet the reasonable working needs of the Foundation in administering the Trust Account Savings Program;
(b) Retain professional investment advisory services;
(c) Through its directors in the manner set forth in Article VI hereof, adopt rules of procedure reasonably necessary or helpful in carrying out the purposes and powers of the Foundation in managing and administering the Trust Account Savings Program.
ARTICLE III MEMBERS
3.1 Qualification. Each member of the Foundation shall be a member of The Florida Bar who is interested in the purposes of the Foundation.
3.2 Admission. Members shall be admitted selected by the directors in the manner determined by the bylaws, and shall be admitted- to membership upon making contributions — te—the—foundation—⅛—the amounts required by the bylaws
3.3 Classes; Terms. Classes of- membership and The terms of membership of members shall be established determined by the bylaws.
3.4 Rights. Each member shall be entitled to one vote at meetings of the Foundation, but no member of the Foundation shall have any vested right, privilege or interest of, in or to the assets, functions, affairs or franchise of the Foundation, or any right, interest or privilege which may be transferable or inheritable or which shall continue if his membership ceases or while he is not in good standing.
3.5 Termination. Membership shall be terminated in the manner provided by the bylaws, for — failure to make the contributions-required for-maintenance of membership If a member ceases to be a member of The Florida Bar his membership in the Foundation shall be thereby terminated. A membership may be terminated for cause by concurrence of a majority of all directors of the Foundation after due notice to the member and an opportunity to be heard.
3.6 Meetings. Members shall meet annually at the time provided in the bylaws and special meetings may be called in the manner provided in the bylaws.
ARTICLE IV TERM; DISSOLUTION
This corporation shall have perpetual existence. In the event of a dissolution of the corporation, its assets, after payment of all debts and charges of the corporation, and expenses of dissolution, shall be distributed among all properly accredited schools of law within the State of Florida, organized and operating exclusively for charitable and/or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder, or individual, nor substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legisla *834 tion, and which does not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.
ARTICLE V
The names and residences of the original subscribers hereto are as follows:
name residence
Donald K. Carroll 1200 Greenleaf Building Jacksonville, Florida
J. Lance Lazonby Baird Office Building Gainesville, Florida
Kenneth B. Sherouse, Jr. Supreme Court Building Tallahassee, Florida
William A. Gillen Citizens Building Tampa, Florida
J. Lewis Hall 121 1/2 E. Jefferson St. Tallahassee, Florida
Sherwood Spencer 1924 Hollywood Boulevard Hollywood, Florida
each of whom has been an officer or member of the Board of Governors of The Florida Bar.
ARTICLE VI DIRECTORS
6.1Number. The affairs of the Foundation shall be managed by a board of directors consisting of not less than 21 nor more than 24 22 directors, six five of whom shall be the president, — immediate past — president, vice president, treasurer and secretary as ex officio ■direc-tor-sr-fi-ve-ef whom-shall -be-desig-nated directors as set forth in Article 6.2 hereof, and 15 to 18 42 of whom shall be elected directors as set forth in Article 6.3 hereof.
6.2Designated Status and Appointed Directors. There shall be five designated Six directors who shall be* directors by virtue of office or appointment as follows:
(a) The Chief Justice of the Supreme Court of Florida;
(b) Two other judicial officers to be appointed annually by the Chief Justice of the Supreme Court of Florida; (and.to serve at his pleasure)
(c) The president of The Florida Bar;
(d) The president of Florida Legal Services, Inc.; and
(e) A representative of The Florida Bar who is a member of the Foundation, to be appointed annually by the Board of Governors of The Florida Bar.
6.3 Elected: Other Directors. Elected Fifteen directors of the Foundation shall bylaws. In the event a person is elected president, vice-president, or secretary-treasurer of the Foundation who is not for his term of office otherwise a director of the Foundation, he shall be a director of the Foundation by virtue of his office for the term of his office.
6.4 Term; Removal; Vacancies.
(a) The term of office of elected directors, their removal from office and the filling of the vacancies shall be determined by the bylaws. The five designated directors enumerated in Article 6.2 above shall be directors of the foundation during-their respective terms in office.-
(b) The Chief Justice of the Supreme Court of Florida, president of The Florida Bar, and president of Florida Legal Services, Inc., shall be directors of the Foundation during their respective terms in office. The two judicial officers appointed by the Chief Justice shall serve for one-year terms of office and may be reappointed for additional one-year terms at the pleasure of the Chief Justice. The representative of The Florida Bar shall serve a one-year term and may be reappointed for additional one-year terms at the pleasure of the Board of Governors.
(c) An officer of the Foundation who is a director only by virtue of his office shall be a director for his term in office only.
6.5 Executive Committee. The affairs of the Foundation may be managed by an executive committee between meetings of the board of directors. The executive committee shall consist of directors and shall *835 be established in the manner and with the authority provided by the bylaws.
ARTICLE VII OFFICERS
7.1 Number. The affairs of the Foundation shall be managed by a board of directors and administered by a president, one or more a vice presidents, a secretary, and -⅜-treasurer secretary-treasurer, each of whom has previously served on the board of directors, and such other assistant officers as the board of directors shall from time to time deem desirable. Officers -need not be directors or members of the-foundatiom — A person may hold-more than one office-,-except that the president and a vice-president may not be secretary or an assistant-secretary.
7.2 Election. The officers shall be elected annually by the board of directors at its first meeting following the annual meeting of the members, and the-y— shall serve at the pleasure of the board of directors. Terms of office may be limited as provided in the bylaws.
ARTICLE VIII BYLAWS
The board of directors of this corporation shall make and adopt bylaws for the corporation, and said board and its successors in office shall have power to alter, amend, and rescind such bylaws or to adopt new bylaws.
ARTICLE IX DIRECTORS’ AND OFFICERS’ COMPENSATION AND PROTECTION INDEMNIFICATION
9.1 Compensation. A director of the Foundation shall not receive compensation, directly or indirectly, for his services as a director. An officer of the Foundation shall not receive compensation, directly or indirectly, for his services as an officer unless he is employed by the board of directors as a member of the administrative staff of the Foundation. These prohibitions shall not preclude reimbursement of a directo^ or officer, or duly appointed committee member for expenses or advances made for the Foundation that are reasonable in character and amount and approved for payment in the manner provided by the bylaws.
9.2 Indemnification. Every director and every officer of the Foundation shall be indemnified by the Foundation against all expenses and liabilities, including counsel fees, reasonably incurred by or imposed upon him in connection with any proceeding or any settlement of any proceeding to which he may be a party or in which he may become involved by reason of his being or having been a director or officer of the Foundation, whether or not he is a director or officer at the time such expenses are incurred, except when the director or officer is adjudged guilty of willful misfeasance or malfeasance in the performance of his duties; provided that in the event of a settlement before entry of judgment, the indemnification shall apply only when the board of directors approves such settlement and reimbursement as being for the best interest of the Foundation. The foregoing right of indemnification shall be in addition to and not exclusive of all other rights to which such director or officer may be entitled. Appropriate liability insurance shall be provided for every officer, director and agent of the Foundation in amounts determined from time to time by the board.
9.3 Interest of Directors and Officers in Contracts. Any contract, whether for compensation or otherwise, or other transactions between the corporation and one or more of its directors or officers, or between the corporation and any firm of which one or more of its directors or officers are stockholders or employees, or in which they are interested, or between the corporation and any corporation or association of which one or more of its directors or officers are shareholders, members, directors, officers or employees, or in which they are interested, shall be valid for all purposes, notwithstanding the presence of such director or directors, officer or officers, at the meeting of the board of directors of the corporation which acts upon or in reference to such contract or transaction and notwithstanding his or their participation in such action, if the fact of such interest shall be dis *836 closed or known in writing to the board of directors and the board of directors shall, nevertheless, authorize, approve and ratify such contract or transaction by vote or majority of the directors present, such interested director or directors, officer or officers to be counted in determining whether a quorum is present but not to be counted in calculating the majority of such quorum necessary to carry such vote. This section shall not be construed to invalidate any contract or other transaction which would otherwise be valid under the common and statutory law applicable thereto.
ARTICLE X AMENDMENT
10.1 Notice of Amendments. Notice of the subject matter of a proposed amendment shall be included in the notice of the meeting at which a proposed amendment is considered.
10.2 Directors Approval. A resolution adopting a proposed amendment or amendments shall be approved by two-thirds of all directors.
10.3 Approval. An amendment adopted by the board of directors shall be presented to the Board of Governors of The Florida Bar for approval.
10.4 Approval. An amendment adopted by the board of directors and approved by the Board of Governors of The Florida Bar shall be presented to the Supreme Court for approval in accordance with Article XII ■ of the Integration Rule of The Florida Bar.
10.5 Filing. An amendment so adopted and approved shall be filed with the Secretary of State as provided by law.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents.